FILED

2016 Dec-19  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN CAIN, and all those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.:_____ |
| v. | ) ) | CLASS ACTION |
| CONSUMERS SOLUTIONS GROUP, LLC and JONATHAN C. FRANK & ASSOCIATES, LLC, | ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff Adrian Cain, by and through counsel, in the above styled cause, and states her Complaint as follows:

### PARTIES

1.     Plaintiff Adrian Cain is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2.     Defendant Consumers Solutions Group, LLC (hereinafter, "CSG") is registered in Georgia with its principal place of business located in Lawrenceville, Georgia and was doing business in Jefferson County, Alabama at all times material to this Complaint.

3.     Defendant Jonathan C. Frank & Associates, LLC ("Jonathan Frank") is registered in Texas with its principal place of business located in Houston, Texas and was doing business in Jefferson County, Alabama at all times material to this Complaint.

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

-1-

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

<u>FACTUAL ALLEGATIONS</u>

6.      An injury-in-fact, as required by Article III, "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015) (stating same).

7.      "The FDCPA creates a private right of action, which [plaintiff] seeks to enforce." *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

8.      The Act requires debt collectors to not falsely represent the character, amount, or legal status of any debt. 15 U.S.C. 1692e(2); *see also Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished) ("The Act requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. See 15 U.S.C. § 1692e(11); 1692g(a)(1)- (5).").

9.      "The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ."). *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

10.     "Thus, through the FDCPA, Congress has created a new right-the right to receive the required disclosures in communications governed by the FDCPA-and a new injury-not receiving such disclosures." *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

11.     The protections of 15 U.S.C. Section 1692e(11) provide consumers with a congressionally established right to basic information about the identity of the party contacting them. Violations of this right constitute concrete informational injuries under Article III.

12.     A violation of the disclosure requirement of 15 U.S.C. 1692d(6) is a concrete injury in fact in that it is a denial of access to information and a violation of an informational right.

13.     The contacting of third parties by a debt collector is a violation of a consumer's privacy rights substantiating a concrete injury in fact to the consumer.

14.     Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

15.     Defendants CSG and Jonathan Frank are each a "debt collector"  for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

16.     Defendants CSG and Jonathan Frank engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

17.     Defendants CSG and Jonathan Frank engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

18.     The debt Defendants CSG and Jonathan Frank have attempted to collect from Plaintiff is a purported debt of Plaintiff.

19.     Defendant CSG was/is an agent of Defendant Jonathan Frank and both Defendants collected and/or attempted to collect on a purported debt of Plaintiff under a contract between the two entities.

20.     Defendant CSG acted under the actual or apparent  authority of Defendant Jonathan

Frank when it called Plaintiff and/or Plaintiff's mother to collect upon purported debts owed by Plaintiff on behalf of and for the benefit of Defendant Jonathan Frank.

21.     Defendant CSG has received benefit from its agent's, Defendant Jonathan Frank, actions when it has received money from debtors in connection with the actions of CSG and has thereby ratified the acts of its agent, Defendant CSG.

22.     Defendant Jonathan Frank has received money, directly or indirectly, from the actions of Defendant CSG acting in its behalf and Jonathan Frank has manifested its assent and/or consented to the actions of Defendant CSG.

23.     In February 2016, Defendant CSG itself, and on behalf of Defendant Jonathan Frank, made a call to the phone number belonging to Plaintiff's mother stating Plaintiff owed a debt and a complaint had been "filed against [Plaintiff's] name and social security number."

24.     The February 2016 call by CSG itself, and on behalf of Defendant Jonathan Frank, stated to Plaintiff a complaint had been filed against her for a debt when such statement was false and CSG and Jonathan Frank knew it was false when made as no complaint has been filed against her for this purported debt to date.

25.     The February 2016 call by CSG itself, and on behalf of Defendant Jonathan Frank, failed to inform Plaintiff of the "mini-Miranda" required by the Fair Debt Collection Practices Act ("FDCPA") that the call was an attempt to collect a debt.

26.     The February 2016 call by CSG itself, and on behalf of Defendant Jonathan Frank, stated it had documents that were legal process when they were not.

27.     In May 2016, Plaintiff received a call from Defendant Jonathan Frank stating it had documents attached to her name and social security number.

-4-

28.     The May 2016 call by Defendant Jonathan Frank failed to inform Plaintiff of the "mini-Miranda" required by the FDCPA.

29.     In July 2016, Plaintiff received a call from Defendant Jonathan Frank that provided no meaningful disclosure of the caller's identity.

30.     The July 2016 call from Defendant Jonathan Frank stated it had paperwork ready to serve Plaintiff "under [Plaintiff's] name and social security number."

31.     The July 2016 call from Defendant Jonathan Frank stated it was ready for "immediate service of documents" upon Plaintiff.

32.     The July 2016 call from Defendant Jonathan Frank stated it would be serving the documents at Plaintiff's residence or place of employment on Monday, July 11th and for Plaintiff to be available to receive the documents.

33.     During the July 2016 call from Defendant Jonathan Frank, the caller stated, "I will see you on Monday."

34.     The July 2016 call by Defendant Jonathan Frank failed to inform Plaintiff of the "mini-Miranda" required by the FDCPA.

35.     Defendant CSG was employed and retained by Defendant Jonathan Frank to perform the debt collection activities it performed stated herein and CSG' actions in this matter were performed as an agent of Defendant Jonathan Frank.

36.     The calls to Plaintiff by both Defendants are harassing as the intent and motive behind them is to harass, oppress, and intimidate Plaintiff.

37.     Further, the calls by both Defendants are harassing as the intent and motive behind them is to harass, oppress, and intimidate Plaintiff under the false threat of litigation when no complaint

was filed or intended to be filed when these calls were made.

38.     Plaintiff was forced to hire legal counsel to resolve this issue to protect her from the abusive collection practices of Defendants CSG and Jonathan Frank.

39.     Plaintiff has suffered actual damages as a result of these illegal collection practices by Defendants CSG and Jonathan Frank in the form of anger, anxiety, emotional distress, fear, frustration, upset, embarrassment, humiliation, amongst other negative emotions, as well as incurring out of pocket costs and attorney fees.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT 15 U.S.C. §1692 et seq.**

40.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41.     Defendants CSG and/or Jonathan Frank, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency illegally contacted Plaintiff's mother when Plaintiff and her mother did not live together and left messages on Plaintiff's mother's phone stating that Plaintiff owed a debt in violation 15 U.S.C. §1692b(2).

42.     Defendants CSG and/or Jonathan Frank, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency contacted Plaintiff's mother when Plaintiff and her mother did not live together multiple times in violation 15 U.S.C. §1692b(3).

43.     Defendants CSG and/or Jonathan Frank, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency failed to inform Plaintiff of the "mini-Miranda" in violation of 15 U.S.C. §1692e(11).

44.     Defendants CSG and/or Jonathan Frank, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency made calls to Plaintiff and/or Plaintiff's mother without disclosing his/her identity in violation of 15 U.S.C.§1692d(6).

45.     Defendants CSG and/or Jonathan Frank, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency stated to Plaintiff and third parties it had paperwork to serve Plaintiff to give Plaintiff the impression these were legal documents in violation of 15 U.S.C.§1692e(13).

46.     Defendants CSG and/or Jonathan Frank, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency stated to Plaintiff they had documents ready for immediate service and one such employee went so far as to say, "I will see you Monday" indicating they were taken legal action when they had no intent to take legal action  in violation of 15 U.S.C.§1692e(5).

47.     The actions and activities outlined herein by Defendants CSG and/or Jonathan Frank constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

48.     Further, the natural consequence of the conduct by Defendants CSG and/or Jonathan Frank in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiff in violation of 15 U.S.C. §1692d.

49.     All actions taken by Defendants CSG and Jonathan Frank were done with reckless disregard, willfully, and/or with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that

their actions were in reckless disregard of the FDCPA.

50.     Defendants CSG and Jonathan Franks' violations of the FDCPA proximately

caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the

form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well

as incurring out of pocket costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants CSG and Jonathan Frank , jointly

and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined

by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this

proceeding.  Further, Plaintiff prays for further and other just and equitable relief.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS
## AND/OR INTENTIONAL CONDUCT

51.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

52.     Defendants CSG and Jonathan Frank owed a duty to Plaintiff not engage in the

deceptive practices enumerated in this complaint in violation of state and/or federal law.

53.     Defendants CSG and Jonathan Frank had a duty under Alabama law to act reasonably

under the circumstances.

54.     Defendants CSG and Jonathan Frank violated this duty under Alabama law by making

collection calls to Plaintiff and/or Plaintiff's mother that were intended to and did intimidate, abuse,

oppress, and/or harass Plaintiff in violation of state and/or federal law.

55.     Defendants CSG and Jonathan Frank each violated its duties to Plaintiff and such violations were made intentionally, recklessly, with reckless disregard, willfully, wantonly, maliciously, and/or negligently as each Defendant refused to comply with all the duties that Defendants had.

56.     Plaintiff has been damaged as a proximate result of Defendants' CSG and Jonathan Frank wrongful conduct, jointly and severally, as set forth in this Complaint, including, but not limited to, Plaintiff suffered actual damages for worry, anger frustration, loss of sleep, anxiety, mental suffering, pain, and anguish in addition to out of pocket costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants CSG and Jonathan Frank jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

57.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

58.     Defendants CSG and Jonathan Frank negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, including making collection calls to Plaintiff and/or Plaintiff's mother the intent and effect of which were to intimidate, abuse, oppress, and/or harass Plainiff and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

59.     Defendants', CSG and Jonathan Frank, employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

60.     Defendants CSG and Jonathan Frank were negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

61.     The employees and/or agents of Defendants CSG and Jonathan Frank while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that making the collection calls described herein violated state and/or federal law was performed in the line and scope of each one's respective employment or agency and each was incompetent to perform his/her duties and Defendant did know, or should have known, of such incompetence.

62.     The negligent or wanton conduct of those employees and/or agents of Defendants CSG and Jonathan Frank while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants CSG and Jonathan Frank for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

**COUNT IV**

**CLASS CLAIMS AGAINST DEFENDANT CSG FOR VIOLATIONS OF THE FAIR
DEFT COLLECTION PRACTICES ACT**
**47 U.S.C. § 227 et seq.**
**Class Action Allegations**

63.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

64.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

65.     Upon information and belief, pursuant to a uniform policy and procedure, CSG and/or its authorized agents violated the FDCPA by making calls to debtors without providing a meaningful disclosure of the calling party required by 15 U.S.C. §1692d(6).

66.     Upon information and belief, pursuant to a uniform policy and procedure, CSG and/or its authorized agents violated the FDCPA by making calls to debtors without providing the "mini-Miranda" required by 15 U.S.C. §1692e(11).

67.     Upon information and belief, CSG has made thousands of calls to hundreds, or possibly thousands of individuals and entities throughout the United States violating 15 U.S.C. §1692d(6).

68.     Upon information and belief, CSG has made thousands of calls to hundreds, or possibly thousands of individuals and entities throughout the United States violating 15 U.S.C. §1692e(11).

69.     The classes of persons Plaintiff proposes to represent include:

(1)

All persons or entities within the United States who, within the four years prior to the filing of the Complaint, received telephone calls from Defendant CSG for the purpose of collecting upon a debt in which Defendant failed to provide a meaningful disclosure of the calling party required by 15 U.S.C. §1692d(6).

(2)

All persons or entities within the United States who, within the four years prior to the filing of the Complaint, received telephone calls from Defendant CSG for the purpose of collecting upon a debt in which Defendant failed to provide the "mini-Miranda" required by 15 U.S.C. §1692e(11).

70.     The classes defined above are identifiable by phone records and phone number databases.  On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

71.     Plaintiff is a member of the class.

72.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.     Whether Defendant violated the FDCPA by making telephone calls to collect upon a debt in which Defendant failed to provide a meaningful disclosure of the calling party required by 15 U.S.C. §1692d(6);

b.     Whether Defendant violated the FDCPA by making telephone calls to collect upon a debt in which Defendant failed to provide the "mini-Miranda" required by 15 U.S.C. §1692e(11);

-12-

c.    Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant Qualex's actions.

73.    Plaintiff's claims are typical of the claims of the class.

74.    Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class.

75.    Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.   The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

76.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

77.    Plaintiff is capable of and is willing to represent the other members of the class.

### Legal Claims

*First Class Claim - Calls/Texts to Cellular Telephones Without Obtaining Prior Express Consent*

78.    Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

79.    The FDCPA prohibits making telephone calls for the purpose of collecting a debt without disclosing the party who is calling.

80.    The FDCPA prohibits making telephone calls for the purpose of collecting a debt without providing the mini-Miranda informing the called party the purpose of the call is to collect a debt and any information obtained will be used for that purpose.

81.     Defendant CSG violated the FDCPA by placing telephone calls to member of the class for the purpose of collecting a debt in which it failed to disclose it was the calling party.

82.     Defendant CSG violated the FDCPA by placing telephone calls to member of the class for the purpose of collecting a debt in which it failed to inform the called party the purpose of the call is to collect a debt and any information obtained will be used for that purpose.

83.     Defendant has, therefore, violated the FDCPA, 15 U.S.C. §1692d(6); 15 U.S.C. §1692e(11).

84.     As a result of Defendant CSG's illegal conduct as alleged herein, the members of the class suffered actual damages and, under 15 U.S.C. §1692k, are each entitled, inter alia, to a damages for each such violation of the FDCPA.

*Second Class Claim - Injunctive Relief*

85.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

86.     Defendant CSG, its authorized agents, vendors, or contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses, telephone numbers, and recordings of the calls it made to the class members. Unless immediate injunctive relief is ordered, Defendants their authorized agents, vendors, or contractors may alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendant, its authorized agents, vendors, or contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members

of the class.

87.     The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order Defendant CSG, including, but not limited to its employees, agents and/or other affiliates, to immediately cease the actions described in the class claims as violating the FDCPA.

**Relief Sought**

88.     Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An injunction requiring Defendant to cease all illegal activity described in these class claims which violate the FDCPA;

3.     An order preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

4.     Damages to each class member for violation of the FDCPA;

5.     Reasonable attorneys' fees and costs; and

6.     Such further and other relief the Court deems appropriate.


       s/Wesley L. Phillips
       Wesley L. Phillips (PHI053)
       Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

    s/Wesley L. Phillips
OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Consumers Solutions Group, LLC
Incorp Services Inc
2094 Myrtlewood Drive
Montgomery, Alabama 36111

Jonathan C. Frank
Jonathan C. Frank & Associates, PLLC
2605 Capitol Street
Houston, TX 77003