FILED
2017 Jul-24  PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ADRIAN CAIN, and all those** ) | |
| **similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 2:16-CV-2031-VEH** |
| **v.** ) | |
| ) | |
| **CONSUMERS SOLUTIONS** ) | |
| **GROUP, LLC and JONATHAN C.** ) | |
| **FRANK & ASSOCIATES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This is a civil action filed by Plaintiff Adrian Cain ("Mr. Cain") against

Defendants Consumer Solutions Group, LLC ("CSG") and Jonathan C. Frank &

Associates, LLC ("JCF") for violations of the Fair Debt Collection Practices Act

("FDCPA").

Defendant CSG was served on December 27, 2016. (Doc. 6). On January

24, 2017, Mr. Cain moved for entry of default against CSG, and the Clerk entered

default against CSG on January 25, 2017. (Docs. 10, 12). On January 24, 2017,

Mr. Cain also filed a Motion for Default Judgment as to CSG. (Doc. 11).

Defendant JCF was served on May 8, 2017. (Doc. 19). On May 24, 2017,

Mr. Cain moved for entry of default against JCF, and the Clerk entered default against JCF on May 26, 2017. (Docs. 20, 22).[1] On May 24, 2017, Mr. Cain also filed a Motion for Default Judgment as to JCF. (Doc. 21).

For the following reasons, the two pending Motions for Default Judgment are due to be **DENIED without prejudice.**

## II.  STANDARD

Rule 55, FED. R. CIV. P., provides in pertinent part:

(a) **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) **Entering a Default Judgment.**

* * * * *

(2) **By the Court.**  In all other cases[2], the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it

---

[1]  The record reflects that the Clerk of Court has provided Defendants CSG and JCF with the notice provided for in Section II.B of the Court's "Plan for Pro Bono Counsel for Qualified Unrepresented Parties in Civil Cases." (Docs. 14, 23).

[2] Rule 55(b)(1) provides a procedure, not applicable here, for the issuance of a default judgment by the Clerk of Court.

needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55.

Because default has been entered against CSG and JCF, the allegations of Mr. Cain's Complaint are taken as true. *See, e.g., AutoTec, L.L.C. v. Auction Access Auto, Inc.*, 2:12-cv-00896-RDP, 2012 WL 2357951, at *2 (N.D. Ala. June 18, 2012) ("Upon default, the well-pleaded allegations of a complaint are taken as true.") (internal citations omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

## III.   ANALYSIS

The Court's analysis of a Motion for Default Judgment involves a two-step process.  First, the Court must satisfy itself that it has jurisdiction over the parties and the subject matter of the lawsuit.  *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (holding that district courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim").  Second, the

Court must ensure that Mr. Cain has satisfied the elements of Rule 55, FED. R.

CIV. P., and is entitled to the default judgment he seeks. *See Nishimatsu Constr.*

*Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[3] (explaining

that "a defendant's default does not in itself warrant the court entering a default

judgment" and that "[t]here must be a sufficient basis in the pleadings for the

judgment entered").

"Besides the pleadings, a court may also consider evidence presented in the

form of an affidavit or declaration." *Frazier v. Absolute Collection Serv., Inc.*,

767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (Thrash, J.) (citing *Antoine v. Atlas*

*Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995)); *FHL, Inc. v. Walker*, No.

2:13CV555--MHT, 2016 WL 3353944, at *1 (M.D. Ala. June 9, 2016)

(Thompson, J.) (same). Rule 55 does not require this Court to conduct an

evidentiary hearing prior to entering a default judgment. "However, when it seems

advantageous, a court may conduct a hearing to determine whether to enter a

judgment by default." 10A Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 2688 (4th ed. 2016).

In this Circuit, "there is a strong policy of determining cases on their merits

---

[3] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

A.    **Jurisdiction**

It is an elementary requirement that jurisdiction must be established in every case before a court has power to render any judgment.  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. *Royal Lace Paper Works v. Pest-Guard Prods.*, 240 F.2d 814, 816 (5th Cir. 1957). As noted above, the record establishes that both of the Defendants in this case have been served, have waived service, or otherwise have filed an Answer without contesting service or personal jurisdiction. Accordingly, the Court finds that it has personal jurisdiction over the parties in this case.

5

Further, Mr. Cain alleges that this Court has subject matter jurisdiction over this FDCPA action pursuant to 28 U.S.C. § 1331, which states that this Court has jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." As this action relates to the enforcement of rights of action created by federal statute, the Court is satisfied that it has subject matter jurisdiction over the action.

### C.    Motions for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) allows a court to enter a default judgment when the Clerk has entered default and the party seeking judgment has applied to the court for a default judgment. To determine whether the moving party is actually entitled to a default judgment, a court must review the sufficiency of the complaint and its underlying merits. *See Stegeman v. Georgia*, 290 Fed. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu*, 515 F.2d at 1206).

The law is well-settled that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (internal citation and quotation omitted). However, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

The Court has identified several issues with the pending Motions for Default Judgment. First, both Motions have failed to adequately establish that Mr. Cain is entitled to default judgments in his favor because they do not present a sufficient basis to assure this Court that he has a legitimate claim to the relief requested. A default is not an "absolute confession by the defendant of his liability and of the plaintiff's rights to recover"; instead, it is merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004). A default judgment "cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Mr. Cain has not identified with specific detail which facts, deemed admitted by virtue of Defendants' default, give rise to cognizable claims for relief. Both Motions (docs. 11 and 21) are a mere two pages in length, and Defendants' failure to appear is not in and of itself sufficient for the Court to enter judgment against them. Mr. Cain must make a <u>clear</u> showing to this Court that the elements of <u>each</u> and <u>every</u> claim for relief are satisfied.

Second, Mr. Cain's Complaint seeks relief in the form of "actual, compensatory, and/or punitive damages"; attorneys' fees; an injunction; and other

equitable relief. (Doc. 1 at 8, 9, 10, 14, 15). He specifies that he suffered actual

damages in the form of "anger, anxiety, emotional distress, fear, frustration, upset,

embarrassment, [and] humiliation." (*Id.* at 6, 8, 9). Even though well-pleaded facts

in the complaint are deemed admitted,

> plaintiffs' allegations relating to the amount of damages are not admitted
> by virtue of default; rather, the court must determine both the amount
> and character of damages. *Miller v. Paradise of Port Richey, Inc.*, 75 F.
> Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v.
> Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires
> judicial determination of damages absent factual basis in record); *Credit
> Lyonnais Securities (USA) Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.
> 1999) (even where default judgment is warranted based on failure to
> defend, allegations in complaint with respect to damages are not deemed
> true, and district court must conduct inquiry in order to ascertain
> damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*, 931
> F. Supp. 865, 869-70 (S.D. Ga. 1996) (explaining that it is proper
> exercise of judicial power for court upon default to take evidence, fix
> amount which prevailing party should recover, and then give judgment).
> "The trial judge, sitting without a jury, has considerable latitude in
> determining the amount of the damages." *Patray*, 931 F. Supp. at 870.

*Atlantic Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala.

2007) (Steele, J.).

If a debt collector is found to violate the FDCPA, a court may award "any

actual damages sustained by such person as a result of such failure" and "in the

case of any action by an individual, such additional damages as the court may

allow, but not exceeding $1,000[.]" 15 U.S.C. §§ 1692k(a)(1) and 1692k(a)(2)(a).

This award, however, is subject to §1692k(b), which states:

> **Factors considered by court**. In determining the amount of liability in any action under subsection (a), the court[4] shall consider, among other relevant factors–
>
>> (1)   in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional[.]

15 U.S.C. § 1692k(b). As to attorneys' fees, a successful plaintiff is entitled to "the costs of the action" and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

In both Motions for Default Judgment, Mr. Cain has failed to demonstrate the plausibility under the FDCPA of each form of relief he requests. Mr. Cain is hereby **PUT ON NOTICE** that any re-filed Motion for Default Judgment against either defendant must (1) make a clear showing that each element of each claim in the Amended Complaint has been satisfied; and (2) include evidence, supported by authority, as to the amount and type of damages he seeks.

Third, Mr. Cain's Complaint asserts two class claims against Defendant CSG, but not Defendant JCF, for violations of the FDCPA. Mr. Cain's requested

---

[4]  Although § 1692k(b) refers to the court's consideration of these factors, the Eleventh Circuit has held that the term "court" refers to either the judge or the jury where a party has demanded a jury trial. *See Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982). In this case, Mr. Cain has made a jury demand. (Doc. 1 at 1).

relief includes an order certifying a class, an injunction requiring CSG to cease all allegedly illegal activity described in the class claims, and an award of actual damages to him and to the members of the class.

For a district court to certify a class action, "the named plaintiffs must have standing, and the putative class must meet each of the [four] requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004)). The Supreme Court has made clear that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule–that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (emphasis in original).

Mr. Cain has not indicated to this Court whether he still intends to pursue his class action allegations. Further, as the movant, Mr. Cain has not shown how awarding class-wide relief in an FDCPA action in the context of a default is ever appropriate under Federal Rules of Civil Procedure 23 and 55. Accordingly, the Court declines to enter any type of judgment regarding his class allegations due to

10

the underdeveloped nature of the record and Mr. Cain's failure to establish

satisfaction of Rule 23's preliminary and procedural requirements.

### III.   CONCLUSION

Based on the foregoing, the Court determines that both Motions for Default

Judgment (docs. 11 and 21) are hereby **DENIED WITHOUT PREJUDICE** to

refiling in a manner that satisfies the deficiencies identified in this Order.

Furthermore, Plaintiff is hereby **ORDERED** to show cause, within fourteen

(14) days of the date of this Order, whether he still intends to pursue the class

action allegations in the Amended Complaint against Defendant CSG.

**DONE** and **ORDERED** this the 24th day of July, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

11