

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN CAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:16-CV-2031-VEH |
| CONSUMERS SOLUTIONS GROUP, LLC and JONATHAN C. FRANK & ASSOCIATES, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

The above-entitled civil action is before the Court on Plaintiff Adrian Cain's Motion for Default Judgment (the "Motion"). (Doc. 28). Cain seeks a judgment by default against Defendants Consumers Solutions Group, LLC ("CSG") and Jonathan C. Frank & Associates, LLC ("Jonathan Frank").

Cain filed the Complaint in this action on December 19, 2016, and the Amended Complaint on August 18, 2017. (Docs. 1, 27). In her Amended Complaint, Cain alleges that the Defendants violated Fair Debt Collection Practices Act. (*Id.* at 2-6).

CSG was served on December 21, 2016. (Doc. 6). On January 24, 2017, after

CSG failed to appear, answer, or otherwise defend, Cain filed a Motion for Entry of Default. (Doc. 10). The Clerk filed the Entry of Default against CSG on January 25, 2017. (Doc. 12).

Jonathan Frank was served on May 2, 2017. (Doc. 19). On May 24, 2017, after Jonathan Frank failed to appear, answer, or otherwise defend, Cain filed a Motion for Entry of Default. (Doc. 20). The Clerk filed the Entry of Default against Jonathan Frank on May 26, 2017. (Doc. 22).

On August 4, 2017, Cain moved to dismiss his class claims against CSG. (Doc. 25). The Court then ordered Cain "to file an amended complaint that eliminates the class allegations in Count IV." (Doc. 26 at 3). Cain was instructed to seek leave from the Court in order to make any other change. (*See id.*). Cain filed her Amended Complaint on August 18, 2017. (Doc. 27). She filed her Motion for Default Judgment that is the subject of this Memorandum Opinion and Order on February 15, 2018. (Doc. 28). As support for the Motion for Default Judgment, Cain submitted an affidavit. (Doc. 28-2).

The Court ordered the Defendants to show cause by April 11, 2018, why the motion should not be granted. (Doc. 29). The Court received an untimely opposition to Cain's Motion on May 4, 2018. (Doc. 36). In the opposition, Defendants ask the Court to deny the motion for default judgment and allow them to file an answer. (*See*

*id.*). Defendants give two reasons for such relief. (*See id.* at 1-2). First, they argue that "service was improper" for both Defendants. (*See id.* at 1). Second, they argue that "defaults are disfavored and cases should be judged on the merits." (*Id.* at 2). The Court will treat the opposition as a motion to set aside the Clerk's entry of default.

## II. STANDARD

"The court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The Eleventh Circuit has explained that:

> " 'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Rafidain Bank*, 15 F.3d at 243; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir.1986).

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana de*

*Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). "Where a plaintiff's service of process is insufficient, a court may have good cause to set aside an entry of default because the court lacked personal jurisdiction over the defendant and, as a result, had no power to render judgment against it." *Thomas v. Bank of America, N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014) (citing sources).

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F. 3d 780, 783 (11th Cir. 1993) (citing sources). "The defendant bears the burden of establishing good cause to set aside an entry of default." *Insituform Technologies, Inc. v. Amerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citing sources).

The Eleventh Circuit "review[s] for abuse of discretion a district court's denial of a motion to set aside an entry of default." *Annon Consulting, Inc. v. BioNitrogen Holdings, Corp.*, 650 F. App'x 729, 732 (11th Cir. 2016) (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

### III. ANALYSIS

The Defendants have not met their burden to show good cause for vacating the entry of default. First, the record shows that service was completed on both Defendants. (Docs. 6, 19). "As a general rule, a signed return of service constitutes prima facie evidence of valid service." *Insituform Technologies*, 588 F.2d at 1353

(citing sources). "This presumption can be overcome only by strong and convincing evidence." *See id.* (citing another source). According to the Alabama Secretary of State, CSG's registered agent was located at 2094 Myrtlewood Drive Montgomery, Alabama 36111. (Doc. 35-1 at 1). That is where the summons was returned executed. (Doc. 6). According to an exhibit submitted by Cain, the State Bar of Texas has Jonathan Frank's address as 700 Milam Street, Suit 1300 Houston, TX 77002. (Doc. 16-2). It appears that the summons was returned executed from this address. (Doc. 19). The Defendants have not even tried to overcome these record facts by anything more than conclusory statements in their opposition. (*See* Doc. 36 at 1).

Defendants broadly claim that neither of the companies, nor their agents, have received service. (Doc. 36 at 1). They have not submitted any affidavits in support of this statement. Defendants also claim that they "have been domiciled at the same address since the time the petition had been originally filed up until [the] present time." (*See id.*). The Court is unclear as to which "petition" Defendants are referring to, but the Court notes that, according to the Alabama Secretary of State, CSG changed its registered agent's address in August 2017. (Doc. 35-1 at 1).

Defendants state that "[t]he motion for default judgment did have proper service." (Doc. 36 at 1). The Court assumes that Defendants are referring to the Order To Show Cause. (Doc. 29 at 1) (ordering the Clerk of Court to serve the Order and

5

Amended Complaint on the Defendants). However, the Defendants still filed their opposition over three weeks late. (*See* Docs. 29, 36).

The opposition was filed by Jonathan Frank, the individual, purportedly representing both Defendants – Jonathan Frank & Associates LLC and Consumer Solutions Group, LLC. (*See* Doc. 36). The Court notes from reviewing CM/ECF that no attorney has entered an appearance on behalf of either Defendant and there is no indication in the opposition that Mr. Frank is admitted to practice in the Northern District of Alabama. (*See id.* at 2). "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citing sources); *see also U.S. v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841, *5 (S.D. Fla. Jan. 13, 2015) (applying *Palazzo* to an LLC). Only counsel admitted to this court can appear before this court. N.D. Ala. Local Rule 83.1(d). Accordingly, this pleading is improper.

While the Defendants are correct that defaults are not preferred, this opposition is totally inadequate to deny Cain's Motion.

## III.  CONCLUSION

Accordingly, the Defendants' opposition fails to persuade the Court to deny the motion for default judgment. However, out of an abundance of caution, and

recognizing the preference for deciding a case on the merits, the Court **ORDERS** the following:

- Defendants' opposition to the Motion is **STRICKEN** as untimely, filed by someone who has not entered an appearance in the Northern District of Alabama, and inadequate on the merits.

- Defendants are given seven days to enter the appearance of an attorney admitted to practice in the Northern District of Alabama and to move the Court to set aside the Clerk's Entries of Default, if they so choose. Cain is given seven days after the Defendants' time to file has expired to respond. The Court will take the Motion and the additional briefing under submission then, or earlier if the time to respond has elapsed without a response.

- The Clerk is **DIRECTED** to provide notice to all parties using the addresses in Cain's earlier notice. (Doc. 32).

**DONE** and **ORDERED** this the 8th day of May, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge