**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ADRIAN CAIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:16-CV-2031-VEH** |
| | ) |
| **CONSUMERS SOLUTIONS** | ) |
| **GROUP, LLC and JONATHAN C.** | ) |
| **FRANK & ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

The above-entitled civil action is before the Court on Plaintiff Adrian Cain's

Motion for Default Judgment (the "Motion"). (Doc. 28). Cain seeks a judgment by

default against Defendants Consumers Solutions Group, LLC ("CSG") and Jonathan

C. Frank & Associates, LLC ("Jonathan Frank").

Cain filed the complaint in this action on December 19, 2016. (Doc. 1). She

filed her Amended Complaint on August 18, 2017. (Doc. 27). In her Amended

Complaint, Cain alleges that the Defendants violated the Fair Debt Collection

Practices Act. (*Id.* at 2-6).

CSG was served on December 21, 2016. (Doc. 6). On January 24, 2017, after

CSG failed to appear, answer, or otherwise defend, Cain filed a Motion for Entry of Default. (Doc. 10). The Clerk filed the Entry of Default against CSG on January 25, 2017. (Doc. 12).

Jonathan Frank was served on May 2, 2017. (Doc. 19). On May 24, 2017, after Jonathan Frank failed to appear, answer, or otherwise defend, Cain filed a Motion for Entry of Default. (Doc. 20). The Clerk filed the Entry of Default against Jonathan Frank on May 26, 2017. (Doc. 22).

On August 4, 2017, Cain moved to dismiss his class claims against CSG. (Doc. 25). The Court then ordered Cain "to file an amended complaint that eliminates the class allegations in Count IV." (Doc. 26 at 3). Cain was instructed to seek leave from the Court to make any other changes. (*See id.*). Cain filed her Amended Complaint on August 18, 2017. (Doc. 27). She filed her Motion for Default Judgment that is the subject of this memorandum opinion and order on February 15, 2018. (Doc. 28). As support for the Motion for Default Judgment, Cain submitted an affidavit. (Doc. 28-2).

For the reasons stated in this opinion, the Motion is due to be **GRANTED** in part and otherwise **DENIED**.

## II.  THE DEFENDANTS' FAILED TO MOVE TO SET ASIDE THE ENTRY OF DEFAULT

The Court ordered the Defendants to show cause by April 11, 2018, why the motion should not be granted. (Doc. 29). The Court received an opposition to Cain's Motion on May 4, 2018. (Doc. 36). As outlined in this Court's memorandum opinion and order from May 8, 2018, this opposition was untimely, inadequate, and improper. (Doc. 37). The Court's opinion laid out a detailed explanation of the inadequacies of the opposition. (*Id.* at 4-6). However, out of an abundance of caution, the Court gave the Defendants an additional seven days from May 8, 2018, to enter the appearance of an attorney admitted to practice in the Northern District of Alabama and to move the Court to set aside the entry of default. (*Id.* at 7). Those seven days have come and gone with no response– further showing that the Defendants have no serious intention of defending in this action. Accordingly, the following opinion is due to be entered.

## III.  THE MOTION FOR DEFAULT JUDGMENT IS DUE TO BE GRANTED

Federal Rule of Civil Procedure 55 provides in pertinent part:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

. . .

**(2) *By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> **(A)** conduct an accounting;
>
> **(B)** determine the amount of damages;
>
> **(C)** establish the truth of any allegation by evidence; or
>
> **(D)** investigate any other matter.

FED.R.CIV.P. 55.

Because default has been entered against the Defendants, the allegations of Cain's Amended Complaint are taken as true. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The Court's analysis of Cain's Motion for Default Judgment involves a two-step process. First, the Court must satisfy itself that it has jurisdiction over the

parties and the subject matter of the lawsuit. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that district courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim"). Second, the Court must ensure that Cain has satisfied the elements of Rule 55 and is entitled to the default judgment it seeks. *See Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] (explaining that "a defendant's default does not in itself warrant the court entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered").

### A. Jurisdiction

### 1. Personal Jurisdiction

It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

Cain submitted supplemental briefing on the issue of personal jurisdiction after the Court entered a show cause order. (Doc. 35). Upon review, the Court is satisfied that it has specific personal jurisdiction over both Defendants in this matter. CSG is

---

[1] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

registered as a foreign LLC in Alabama. (Doc. 35-1). Both Defendants have directed

actions into Alabama. (Doc. 35-2). This lawsuit arises out of those actions. (*See*

*generally* Doc. 27). Cain suffered the harms resulting from those actions in Alabama.

(*See* Doc. 35-2). The Defendants purposefully availed themselves of Alabama

through their activities, and requiring them to be haled into Court here to answer for

these intentional acts is fair. The Court has specific personal jurisdiction over both

Defendants.

## 2.    Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This

case arises under the Fair Debt Collection Practices Act, a federal statute. (Doc. 27

at 1, 6). For that reason, this Court has subject matter jurisdiction.

## B.    Cain Is Entitled to a Default Judgment Against Defendants

Federal Rule of Civil Procedure 55(b)(2) allows the Court to enter a default

judgment when the Clerk has entered default and the party seeking judgment has

applied to the court for a default judgment.  To determine whether the moving party

is actually entitled to a default judgment, the court must review the sufficiency of the

complaint and its underlying merits.  *See Stegeman v. Georgia*, 290 F. App'x 320,

323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975)). The law is well-settled that "a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu*, 515 F.2d at 1206). However, the court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

## 1.  Liability

### i.  Count I

"In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995)).

As an initial matter, the Court determines that Cain is a "consumer" under the FDCPA. 15 U.S.C. § 1692(a)(3); (Doc. 27 at ¶14). Each Defendant is a "debt collector." 15 U.S.C. § 1692(a)(6); (Doc. 27 at ¶15). The Defendants engaged in "communications" under the FDCPA "for the purpose of collecting a 'debt.'" 15 U.S.C. §1692(a)(2), (5); (Doc. 27 at ¶¶16, 17). This means that Cain has established

the first two elements of a FDCPA claim.

Cain's Motion is unclear regarding the agency relationship between CSG and Jonathan Frank. (*See* Doc. 28 at 3) ("Defendant CSG was an agent of Defendant Jonathan Frank at all times material to this lawsuit."); (*see id.* at 4) (noting that Jonathan Frank's website indicates that CSG is one of its "department[s]"); (*but see id.* at 4) ("Defendant CSG has received benefit from its agent's [sic], Defendant Jonathan Frank."). The Amended Complaint similarly shows this confusion. (Doc. 27 at ¶¶19-20); (*but see id.* at ¶21). The Court interprets this inconsistency to be the result of a typographical error and that Cain alleges that CSG was Jonathan Frank's agent, not vice versa.

Cain established that both Defendants violated the FDCPA in February 2016. (Doc. 27 at ¶¶23-26). Cain established that the Defendants violated §1692b(2),[2] §1692e(2),[3] and §1692e.[4] There are also violations stemming from the May 2016

---

[2] (Doc. 27 at ¶23). That statute states:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--

. . .

**(2)** not state that such consumer owes any debt;

15 U.S.C. § 1692b(2).

[3] (Doc. 27 at ¶24). That statute states:

phone call. Cain established that Jonathan Frank violated §1692e(2)[5] and

§1692e(11).[6] Finally, Cain has established violations from the July 2016 phone call.

---

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

    **(2)** The false representation of--

        **(A)** the character, amount, or legal status of any debt; or

        **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. §1692e(2).

[4] (Doc. 27 at ¶26). The statute states generally that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

[5] (Doc. 27 at ¶27, 37); (Doc. 28-2 at ¶¶8-9).

[6] (Doc. 27 at ¶28). That statute states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    **(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692e(11).

Cain established that Jonathan Frank violated §1692e(2),[7] §1692(f),[8] and §1692e(11).[9]

### ii. Counts II and III

Since Cain makes no argument regarding these counts in the Motion, default judgment on them is inappropriate.

### 2. Damages

Cain requests damages. (Doc. 28 at 7-9).[10] However, "[d]amages must be resolved at the trial of this matter." *Bass v. Mike Rome Holdings, LLC*, No. 2:13-CV-2002-VEH, 2017 WL 818577, *8 (N.D. Ala. Mar. 2, 2017) (Hopkins, J.) (granting summary judgment on the issue of liability but sending the issue of damages to a jury in a FDCPA action). Accordingly, a jury is necessary to determine the proper damage award in this case.

## IV. CONCLUSION

Cain is entitled to a default judgment on Count I against both Defendants on the issue of liability. The issue liability as to Counts II and III, and the issue of

---

[7] (Doc. 27 at ¶¶30-31, 37).

[8] (Doc. 27 at ¶¶32-33, 36). The statute states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

[9] (Doc. 27 at ¶34).

[10] Cain also demanded a jury trial in the Amended Complaint. (Doc. 27 at 11).

damages will go to trial. The Court will enter a separate order setting this case for a

pretrial conference.

**DONE** and **ORDERED** this the 21st day of May, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge